· [No. S100359. June 5, 2003.]

ROBERT L., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Carl C. Holmes, Public Defender, Deborah Kwast, Chief Deputy Public Defender, and Kevin J. Phillips, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Brian N. Gurwitz, Deputy District Attorney, for Real Party in Interest.

## OPINION

**MORENO, J.**—At the March 7, 2000 Primary Election, the California electorate passed Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998. Section 4 of Proposition 21 added Penal Code, section 186.22, subdivision (d) (section 186.22(d)),[1] which provides that "[a]ny person who is convicted of a public offense punishable as a felony or a misdemeanor," committed for the benefit of a criminal street gang, shall be punished by imprisonment in the county jail, or by imprisonment in the state prison for one, two, or three years. In this case, we decide two issues: (1) whether section 186.22(d) is a sentence enhancement, an alternate penalty provision, or a substantive offense; and (2) whether section 186.22(d) applies to all misdemeanors and all felonies or only to "wobblers"; namely, those public offenses that are punishable, in the alternative, as a misdemeanor or a felony.[2] The Court of Appeal concluded that section 186.22(d) was an alternate penalty provision that applied to all misdemeanors and all felonies. We agree and affirm the judgment of the Court of Appeal.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The etymology of the term "wobbler" in California law is discussed *post*.

## I. Factual and Procedural Background

The Orange County District Attorney's Office filed an amended petition against petitioner under Welfare and Institutions Code, section 602 alleging, in count one, a violation of section 186.22(d) as a substantive offense; in count two, a violation of section 186.22, subdivision (a), active participation in a criminal street gang; and in count three, a violation of section 242, misdemeanor battery. Petitioner demurred on the grounds that section 186.22(d) did not create a substantive offense and applied only to wobblers. The trial court overruled the demurrer and petitioner sought a writ of prohibition/mandate in the Court of Appeal. The Court of Appeal held that section 186.22(d) created a penalty provision that applied to any gang-related misdemeanor or felony. It ordered the trial court to sustain the demurrer as to count 1 of the amended petition, with leave to amend.

## II. Discussion

Section 186.22(d) provides in full: "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days. If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail."

### A. Characterizing Section 186.22(d)

As a threshold matter, we must determine whether section 186.22(d) is a sentence enhancement, an alternate penalty provision, or a substantive offense. This distinction is of practical import because, as pointed out by the Court of Appeal, "By interpreting the statute as a penalty provision [as opposed to a substantive offense], prosecutors would be free to charge . . . section 186.22(d) along with the predicate offense needed to satisfy that section without running afoul of the necessarily included offense rule."

By definition, a sentence enhancement is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(c); *People v.*

*Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441] (*Jefferson*).) Section 186.22(d) is not a sentence enhancement because it does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence when it is proven that the underlying offense has been committed for the benefit of, or in association with, a criminal street gang. Neither is it a substantive offense because it does not define or set forth elements of a new crime. (See, e.g., *People v. Bright* (1996) 12 Cal.4th 652, 661 [49 Cal.Rptr.2d 732, 909 P.2d 1354] (*Bright*).)

Both petitioner and real party in interest acknowledge that section 186.22(d) is an alternate penalty provision. We agree. In *Bright, supra,* 12 Cal.4th at page 669, we determined that the reference in section 664, subdivision (a)[3] to premeditated attempted murder "sets forth a penalty provision prescribing an increased sentence . . . to be imposed upon defendant's conviction of attempted murder when the additional specified circumstances are found to be true by the trier of fact." (Fn. omitted.) We distinguished a penalty provision from an enhancement in this manner: "[A] penalty provision prescribes an added penalty to be imposed when the offense is committed under specified circumstances. A penalty provision is separate from the underlying offense and does not set forth elements of the offense or a greater degree of the offense charged. [Citations.]" (*Bright*, at p. 661.) "[S]trictly speaking this portion of section 664 does not constitute an 'enhancement' within the meaning of rule 405(c) of the California Rules of Court, which defines 'enhancement' as 'an additional term of imprisonment added to the base term,' because this statutory provision establishes an increased *base* term for the crime of attempted murder upon a finding of specified circumstances." (*Id.* at p. 656, fn. 2.)

In *Jefferson*, we interpreted former section 186.22, subdivision (b)(4) (now section 186.22, subdivision (b)(5))[4] as an alternate penalty provision. Former subdivision (b)(4) provided for an alternate increased sentence in the

---

[3]Section 664, subdivision (a) provides: "If the crime attempted is punishable by imprisonment in the state prison, the person guilty of the attempt shall be punished . . . for one-half the term of imprisonment prescribed upon a conviction of the offense attempted. However, if the crime attempted is willful, deliberate, and premeditated murder, as defined by Section 189, the person guilty of that attempt shall be punished in the state prison for life with the possibility of parole."

[4]Former section 186.22, subdivision (b)(4) was renumbered as subdivision (b)(5) by the passage of Proposition 21 in March 2000. (Pen. Code, § 186.22, subd. (b)(5), as amended by Prop. 21, § 4.) It provides: "*Except as provided in paragraph (4)*, any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." (*Ibid.*, italicized language added by Prop. 21.)

form of a higher minimum eligible parole date, for certain felonies punishable by life that were committed for the benefit of a criminal street gang.[5] We stated: "Unlike an enhancement, which provides for an *additional term of imprisonment*, the 15-year minimum term in [former] section 186.22(b)(4) [now subdivision (b)(5)] sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute." (*Jefferson, supra*, 21 Cal. 4th at p. 101.)[6]

Like the statutes in *Bright* and *Jefferson*, section 186.22(d) prescribes an alternate penalty when the underlying offense is committed under specified circumstances; here, for the benefit of, at the direction of, or in association with, a criminal street gang. We therefore hold that section 186.22(d) is an alternate penalty provision.

## B. *Section 186.22(d) Applies to Misdemeanors and Felonies*

▅ Petitioner argues that, because section 186.22(d) applies when a person is "convicted of a public offense punishable as a misdemeanor or felony," it is limited to wobblers, because wobblers are the only public offenses punishable as either a misdemeanor or felony. We disagree.

▅ As noted, the electorate passed section 186.22(d) as part of Proposition 21. "In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. (See *Horwich v. Superior Court*

---

[5]For example, premeditated attempted murder is punishable by an indeterminate term of life in prison with the possibility of parole. (§ 664, subd. (a).) Section 3046, subdivision (a)(1) provides that "No prisoner imprisoned under a life sentence may be paroled until he or she has served . . . [¶] . . . [a] term of at least seven calendar years." Thus, under section 186.22, former subdivision (b)(4) (now subdivision (b)(5)), where it is proven that a premeditated attempted murder was committed for the benefit of a gang, the minimum eligible parole date is at least 15 calendar years, which effectively more than doubles the prisoner's actual confinement time.

[6]Current section 186.22, subdivision (b)(4), which provides a term of life in prison for "[a]ny person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members" also is an alternate penalty provision because it, too, "sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute." (*Jefferson, supra*, 21 Cal.4th at p. 101.) In *People v. Sengpadychith* (2001) 26 Cal.4th 316, 327 [109 Cal.Rptr.2d 851, 27 P.3d 739], we referred to current section 186.22, subdivision (b)(4) as a "criminal street gang enhancement [that] *increases* the punishment for the offense." But the issue in that case was not whether this provision was a sentence enhancement rather than an alternate penalty provision, and "[l]anguage used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

(1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927] (*Horwich*).) Thus, [1] 'we turn first to the language of the statute, giving the words their ordinary meaning.' (*People v. Birkett* (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912] (*Birkett*).) [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. (*Horwich, supra,* 21 Cal.4th at p. 276, [280].) [3] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' (*Birkett, supra,* 21 Cal.4th at p. 243.)" (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27] (*Rizo*).)

In other words, our "task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent." (*Hi-Voltage Wire Works, Inc. v. City of San Jose* (2000) 24 Cal.4th 537, 576 [101 Cal.Rptr.2d 653, 12 P.3d 1068] (*Hi-Voltage*) (conc. & dis. opn. of George, C. J.).)

### 1. *Ordinary Meaning*

 Our first task is to give the section 186.22(d) phrase "a public offense punishable as a felony or a misdemeanor" its ordinary meaning as understood by the electorate. Section 15 defines "[a] crime or public offense [as] an act committed or omitted in violation of a law forbidding or commanding it . . . ." Section 16 provides that crimes and public offenses include felonies, misdemeanors and infractions. By its plain language, therefore, section 186.22(d) applies to any crime or public offense that is a felony or a misdemeanor. Any crime or public offense that is an infraction is excluded.

But petitioner contends that section 186.22(d) "perfectly describes wobblers," because "[w]obblers are the only public offenses *punishable as a misdemeanor or felony*," and the voters, who are presumed to know this fact, therefore intended section 186.22(d) to be limited to wobblers. We disagree. Section 17, which classifies public offenses, provides, in subdivision (a), that "[a] felony is a crime which is punishable with death or by imprisonment in the state prison." Subdivision (b), the so-called wobbler section, states that "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under [five specified] circumstances." (§ 17, subd. (b).) [7]

Thus, section 186.22(d) does not, as petitioner alleges, "perfectly describe wobblers." Most glaringly, it lacks the "in the discretion of the court"

---

[7] The five specified circumstances in which a wobbler will be treated like a misdemeanor are: (1) when the court imposes a judgment of punishment other than imprisonment in the

language of section 17, subdivision (b). Nor does section 186.22(b) utilize the section 17, subdivision (b) statutory language "by imprisonment in the state prison or by fine or imprisonment in the county jail." Finally, section 186.22(d) does not state the circumstances under which such a crime will be considered a misdemeanor. It is hard to imagine that the electorate intended to limit the scope of section 186.22(d) to offenses described in section 17, subdivision (b) when section 186.22(d) does not refer to section 17, subdivision (b), or even mirror the statutory language of section 17, subdivision (b).

This conclusion is buttressed when one considers that the term "wobbler" does not have a meaning defined by statute or commonly understood by the electorate. Specifically, the term "wobbler," as used here, does not appear in the Penal Code or in the Merriam-Webster Dictionary.[8] Instead, "wobbler" is a legal term of art of recent vintage, and its use is limited primarily to attorneys, judges, and law enforcement personnel who are familiar with criminal law. (See, e.g., *People v. Municipal Court (Kong)* (1981) 122 Cal.App.3d 176, 179, fn. 3 [175 Cal.Rptr. 861] ["Wobblers" are "those offenses punishable either as felonies or misdemeanors, in the discretion of the court. *In the jargon of the criminal law,* [such] offenses are known as 'wobblers.' " (Italics added.)].) We are confident that the average voter, unschooled in the patois of criminal law, would have understood the plain language of section 186.22(d) to encompass all misdemeanors and all felonies.[9]

---

state prison (§ 17, subd. (b)(1)); (2) when the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor (§ 17, subd. (b)(2)); (3) when at the time the court grants probation, it does not impose a sentence, or, upon application of the defendant, the court declares the offense a misdemeanor (§ 17, subd. (b)(3)); (4) when the prosecutor designates the offense a misdemeanor (§ 17, subd. (b)(4)); and (5) when the court, at or before the preliminary hearing, determines that the offense is a misdemeanor (§ 17, subd. (b)(5)). A wobbler is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under section 17, subdivision (b). (*People v. Statum* (2002) 28 Cal.4th 682, 685 [122 Cal.Rptr.2d 572, 50 P.3d 355].)

[8]See, e.g., Merriam-Webster's Collegiate Dictionary (10th ed. 1995).

[9]It appears that the term "wobbler" is not used outside of our state. The term "wobbler" first appeared in California law in *People v. Herron* (1976) 62 Cal.App.3d 643, 647, footnote 3 [133 Cal.Rptr. 287], where the court stated, "a 'wobbler' [is] a crime in which the sentence determines whether it be a misdemeanor or felony." It was employed once in 1977 (*People v. Sandoval* (1977) 70 Cal.App.3d 73, 90 [138 Cal.Rptr. 609, 99 A.L.R.3d 765]), and once in 1978 (*People v. Hawkins* (1978) 85 Cal.App.3d 960, 967 [149 Cal.Rptr. 855]). In *People v. Kunkel* (1985) 176 Cal.App.3d 46, 51, footnote 3 [221 Cal.Rptr. 359], the court supplied this explanation for the term "wobbler": "An offense which is punishable either by imprisonment in the state prison or by incarceration in the county jail is said to 'wobble' between the two punishments and hence is frequently called a 'wobbler' offense." We first utilized the term "wobbler" in 1984, in *People v. Holt* (1984) 37 Cal.3d 436, 452 [208 Cal.Rptr. 547, 690 P.2d 1207]. And the United States Supreme Court first acknowledged the term "wobbler" in

## 2. *Statute Read as a Whole*

In *People v. Morris* (1988) 46 Cal.3d 1, 16 [249 Cal.Rptr. 119, 756 P.2d 843], we stated: "Statutory language should not be interpreted in isolation, but must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts." Applying that principle here, we look at section 186.22 as a whole. Proposition 21 repealed former section 186.22, subdivision (d), and reenacted the former subdivision's language as current subdivision (g). (See Ballot Pamp., Primary Elec. (Mar. 2000) text of Prop. 21, at pp. 119-120.) Section 186.22, subdivision (g), provides: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or *refuse to impose the minimum jail sentence for misdemeanors* in an unusual case where the interests of justice would best be served if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition." (Italics added.)

It is clear that the phrase "minimum jail sentence for misdemeanors," as used in section 186.22, subdivision (g), refers to the section 186.22(d) penalty provision, because the term "misdemeanor" appears nowhere else in section 186.22. Subdivision (g)'s use of the unadorned term "misdemeanors," therefore, strongly indicates that the enhancement to which it refers applies to all misdemeanors and is not limited to "wobblers." Certainly, had the electorate intended that section 186.22(d) be limited to "wobblers," subdivision (g) would have stated, for example, that the "court may . . . refuse to impose the minimum jail sentence for [public offenses deemed to be] misdemeanors [under Penal Code section 17, subdivision (b)] in an unusual case where the interests of justice would best be served . . . ." It does not.[10] Thus, when section 186.22, subdivisions (d) and (g) are harmonized, and Proposition 21 is read as a whole, one is led to the necessary conclusion that section 186.22(d) applies to all misdemeanors and all felonies.

## 3. *Ambiguity*

Even assuming the phrase "public offense punishable as a felony or misdemeanor" is susceptible of two interpretations and was therefore ambiguous to the voters, *Rizo* teaches that where a statute is ambiguous, " 'we

---

*Ewing v. California* (2003) 538 U.S. 11, __ [123 S.Ct. 1179, 1183, 155 L.Ed.2d 108]: "Under California law, certain offenses may be classified as either felonies or misdemeanors. These crimes are known as 'wobblers.' "

[10]Proposition 21 also added section 186.30, subdivision (b)(3), a registration requirement for gang members convicted of "[*a*]*ny crime* that the court finds is gang related at the time of sentencing or disposition." (Italics added.) This subdivision, like section 186.22, subdivision (g), is not qualified in any manner.

refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the . . . ballot pamphlet.' " (*Rizo, supra,* 22 Cal.4th at p. 685, quoting *Birkett, supra,* 21 Cal.4th at p. 243.)

But the Court of Appeal, in its discussion of section 186.22(d), citing *Hi-Voltage, supra,* 24 Cal.4th 537, for support, analyzed previous failed legislative efforts to amend section 186.22(d), and concluded that the intent of the Proposition 21 drafters, and thus the voters, was for section 186.22(d) to apply to all misdemeanors. While its conclusion may have been correct,[11] the Court of Appeal goes too far.

■ This court has made it clear that the "motive or purpose of the drafters of a statute is not relevant to its construction, absent reason to conclude that the body which adopted the statute was aware of that purpose and believed the language of the proposal would accomplish it. [Citations.] The opinion of drafters or legislators who sponsor an initiative is not relevant since such opinion does not represent the intent of the electorate and we cannot say with assurance that the voters were aware of the drafters' intent. [Citations.]" (*Taxpayers to Limit Campaign Spending v. Fair Pol. Practices Comm.* (1990) 51 Cal.3d 744, 764-765, fn. 10 [274 Cal.Rptr. 787, 799 P.2d 1220].)

■ In *Hi-Voltage,* while we did state that "we can discern and thereby effectuate the voters' intention only by interpreting [the initiative's] language in its historical context" (*Hi-Voltage, supra,* 24 Cal.4th at p. 542), we sought only to place our debate about Proposition 209[12] in its "relevant analytical context" (*Hi-Voltage,* at p. 544). We therefore looked back on 150 years of "the appropriate role of government concerning questions of race." (*Ibid.*) But we were careful to point out that "we may 'test our construction against those extrinsic aids that bear on the enactors' intent' [citation], in particular the ballot materials accompanying Proposition 209 that place the initiative in historical context. [Citations.]" (*Id.* at p. 560.)

Thus, our court has never strayed from our pronouncement in *Horwich, supra,* 21 Cal.4th 272, that "legislative antecedents" "not directly presented

---

[11]The Court of Appeal pointed out that the Senate record showed that proposed section 186.22(d) was designed to "apply to gang members who commit misdemeanors as well as felonies." (Sen. Subcom. on Juvenile Justice, Rep. on Sen. Bill No. 1455 (1997-1998 Reg. Sess.) for Apr. 20, 1998 hearing, p. 15.) And an analysis conducted by the Assembly Committee on Public Safety stated section 186.22(d) was intended to make any gang-related misdemeanor or felony punishable by up to three years in prison. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1735 (1997-1998 Reg. Sess.) p. 2.) Indeed, the committee specifically stated the proposed change "would allow a person who commits a misdemeanor for the benefit of a criminal street gang to be sent to state prison." (*Ibid.*)

[12]Proposition 209 (enacted as Cal. Const., art. I, § 31) provides: "The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting."

to the voters . . . are not relevant to our inquiry." (*Id.* at p. 277, fn. 4.) Accordingly, in *Horwich,* we "[c]onsider[ed] the electorate's intended goal as reflected in the language of the [statute] and in the ballot arguments . . . ." (*Id.* at p. 277.) Similarly, in *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 801 [268 Cal.Rptr. 753, 789 P.2d 934], we stated, "[Legislative] history would not provide us with any guidance as to *the voters'* subsequent intent because none of the indicia of the Legislature's possible intent (committee analyses and digest and letters from the statute's author) were before the voters." Thus, to the extent the Court of Appeal, in ascertaining the voters' intent, relied on evidence of the drafters' intent that was not presented to the voters, we decline to follow it.[13] Instead, we look to the materials that were before the voters.

### a. *Findings and declarations*

Proposition 21 was enacted to combat gang crime. In the "FINDINGS AND DECLARATIONS" section of the proposition, "[t]he people [found] and declare[d]" that "Criminal street gangs have become more violent, bolder, and better organized in recent years. Some gangs, like the Los Angeles-based 18th Street Gang and the Mexican Mafia are properly analyzed as organized crime groups, rather than mere street gangs. A 1996 series in the Los Angeles Times chronicled the serious negative impact the 18th Street Gang has on neighborhoods where it is active." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (b), p. 119.)

"Vigorous enforcement and the adoption of more meaningful criminal sanctions, including the voter-approved 'Three Strikes' law, Proposition 184, has resulted in substantial and consistent four year decline in overall crime. Violent juvenile crime has proven most resistant to this positive trend." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (c), p. 119.)

"Gang-related crimes pose a unique threat to the public because of gang members' organization and solidarity. Gang-related felonies should result in severe penalties. Life without the possibility of parole or death should be available to murderers who kill as part of any gang-related activity." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (h), p. 119.)

"Dramatic changes are needed in the way we treat juvenile criminals [and] criminal street gangs . . . if we are to avoid the predicted, unprecedented

---

[13]Real party in interest requests that we take judicial notice of the prior, failed efforts in the Legislature to pass section 186.22(d). Petitioner formally opposes this request. In *Horwich, supra,* 21 Cal.4th at page 277, footnote 4, we took judicial notice of legislative antecedents to Proposition 213 despite the fact we found them irrelevant to the electorate's intent. Following the same logic, the request for judicial notice is hereby granted.

surge in juvenile and gang violence. Californians deserve to live without fear of violent crime and to enjoy safe neighborhoods, parks, and schools. This act addresses each of these issues with the goal of creating a safer California, for ourselves and our children in the Twenty-First Century." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (k), p. 119.)

b. *Ballot materials*

Proposition 21 sought to tackle, in "dramatic" fashion, the onerous problem of gang violence and gang crime. Viewed in this context, imposing felony punishment for gang-related misdemeanors is consistent with the spirit and intent of the Act. Indeed, Proposition 21 proponents urged that "Proposition 21 ends the 'slap on the wrist' of current law by imposing real consequences for GANG MEMBERS, RAPISTS AND MURDERERS who cannot be reached through prevention or education." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) argument in favor of Prop. 21, p. 48.)

The legislative analysis of Proposition 21 contained a summary chart of the gang provisions, and stated that the act "[i]ncreases penalties for gang-related crimes and requires gang members to register with local law enforcement agencies." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) analysis of Prop. 21 by Legis. Analyst, summary chart, p. 47.) ▪ As with ballot pamphlet arguments, a reviewing court may look to a ballot's legislative analysis to determine voter intent. (See, e.g., *Legislature v. Eu* (1991) 54 Cal.3d 492, 504 [286 Cal.Rptr. 283, 816 P.2d 1309] (*Eu*).)

Finally, as a reviewing court is directed to look at the arguments contained in the official ballot pamphlet to ascertain voter intent, it is well settled that such an analysis necessarily includes the arguments advanced by both the proponents and opponents of the initiative. (*Eu, supra,* 54 Cal.3d at pp. 504-505.) ▪ Here, the opponent's rebuttal to the argument in favor of Proposition 21 specifically made the voters aware that Proposition 21 would enhance the punishment of gang-related misdemeanors: "Proposition 21 is NOT LIMITED TO VIOLENT CRIME. *It turns low-level vandalism into a felony. It requires gang offenders with misdemeanors (like stealing candy) to serve six months in jail.* SHERIFF Mike Hennessey (S.F.) says, 'I support tough laws against gangs and crime, but Proposition 21 is the WRONG APPROACH.' " (Ballot Pamp., Primary Elec. (Mar. 7, 2000) rebuttal to argument in favor of Prop. 21, p. 48, italics added.)[14]

Fairly read, opponents warned that the passage of Proposition 21, section 186.22(d) would turn vandalism *under* $400 (a misdemeanor) into a felony,

---

[14]Proposition 21 amended section 594 (vandalism), and made it a wobbler where "the amount of defacement, damage or destruction of property is four hundred dollars or more." (§ 594, subd. (b)(1).) Under new section 594, subdivision (b)(2)(A), as amended by Proposi-

and would make gang-related misdemeanor petty theft subject to a minimum six-month sentence.[15] But the voters passed the initiative despite these warnings. Thus, the ballot materials clearly show that the voters intended to dramatically increase the punishment for *all* gang-related crime,[16] and specifically contemplated that all misdemeanors would be included within the ambit of section 186.22(d).[17]

Indeed, the electorate's intent to punish all gang crime more severely would be undermined if section 186.22(d) applied only to wobblers, and not to all misdemeanors, because section 186.22(d) provides for lower punishment than many, if not all, wobbler crimes that are charged as felonies.[18]

For example, where the wobbler is assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), and the crime is charged as a felony, section 245, subdivision (a)(1) provides a sentence of two, three, or four years in state prison. In addition, if such assault was committed for the

tion 21, vandalism with damage under $400 is a misdemeanor, punishable by fine or up to one year in county jail. Prior to Proposition 21, vandalism was punishable as a wobbler if the amount of damage was $5,000 or more. (Former § 594, subd. (b)(2).) The vandalism amendments of Proposition 21 became effective, pursuant to section 594, subdivision (g), on January 1, 2002.

[15]The dissent argues that the ballot language "Proposition 21 'turns low-level vandalism into a felony' refers not to section 186.22(d), but to Proposition 21's proposed change in the *vandalism* law." (Dis. opn., *post*, at p. 913.) We disagree. While the dissent interprets "low-level vandalism" to refer only to vandalism that causes $400 *or more* in damages under the vandalism law, we believe that the phrase "low-level vandalism" refers to the fact that prosecutors can utilize section 186.22(d) to combat gang graffiti *without regard* to the cost of its cleanup, which is often *less than* $400.

[16]The dissent claims that we "conveniently overlook[] the argument by the *proponents* of Proposition 21 that the proposition 'doesn't lock up kids for minor offenses.' " (Dis. opn., *post*, at p. 914.) We disagree. There is nothing "minor" about many misdemeanor crimes committed for the benefit of a gang, such as: (1) gang graffiti, which is often a prelude to gang violence; (2) possession of a concealed firearm; (3) brandishing a firearm; or (4) battery on a nongang member at school. It was the intent of the voters that section 186.22(d) enable prosecutors to punish such gang-related crimes as felonies.

[17]Real party in interest suggests that, under Proposition 21, gang-related misdemeanors now constitute serious felonies by virtue of the fact that Proposition 21 also added section 1192.7, subdivision (c)(28), which makes a serious felony "any felony offense, which would also constitute a violation of Section 186.22." Whether a *misdemeanor* offense punishable as a felony under section 186.22(d), constitutes a serious felony is not before us, and we express no opinion on the matter.

[18]In *People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1448-1449 [118 Cal.Rptr.2d 380], the Court of Appeal held that a "misdemeanor, converted to a felony by [section 186.22,] subdivision (d) [is not also] subject to the felony enhancement provided in [section 186.22,] subdivision (b)(1)." It necessarily follows that where the crime is a wobbler, the prosecutor must elect whether to prosecute the offense under section 186.22(d) (and thus not have the option of charging the section 186.22, subdivision (b)(1) enhancement), or charge the crime as a felony *and* allege the section 186.22, subdivision (b)(1) enhancement.

benefit of a gang, the prosecutor could also charge the section 186.22, subdivision (b)(1) enhancement in order to add a minimum of two, three, or four years to that sentence, and as much as five or 10 years in prison.[19] Yet, were this same gang-related assault charged under section 186.22(d), which operates to the exclusion of section 186.22, subdivision (b)(1),[20] the defendant's maximum sentence would be three years. Thus, if section 186.22(d) were limited to wobblers, the statute's only effect would be to *reduce* the punishment for gang-related crime. But the electorate clearly did not intend this result. Instead, the electorate intended that section 186.22(d) increase the punishment for gang-related misdemeanors.[21]

### 4. *Absurd Results*

Petitioner contends that application of section 186.22(d) to all misdemeanors and all felonies, instead of wobblers only, would lead to absurd results because it would allow prosecutors to charge a gang-related murder, mayhem, or rape under the "all felonies" rubric of section 186.22(d). Such a result, petitioner contends, would be contrary to the intent of the voters,

---

[19]Section 186.22, subdivision (b)(1) provides in relevant part that "any person who is convicted of a felony committed for the benefit of . . . any criminal street gang, with the specific intent to commit . . . any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] (A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

Section 1192.7, subdivision (c)(23) makes "any felony in which the defendant personally used a dangerous or deadly weapon" a serious felony. Section 667.5, subdivision (c)(8) makes "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice" a violent felony. Thus, depending on the type of section 245, subdivision (a)(1) assault, the section 186, subdivision (b)(1) enhancement on this wobbler may add two, three, four, five or 10 years in prison to the defendant's sentence on the underlying felony.

[20]See discussion in footnote 18, *ante*.

[21]The dissent claims that its interpretation, which applies section 186.22(d) to wobblers only, has a "plausible" purpose in one situation: it "limit[s] the power of trial courts to impose light sentences on defendants who commit gang-related wobblers." (Dis. opn., *post*, at p. 914.) Specifically, when a trial court wishing to show leniency declares a gang-related wobbler to be a misdemeanor, it is "require[d]" to impose a six-month sentence under 186.22(d), whereas under section 186.22, subdivision (b)(1) the court could have imposed a short jail sentence. (Dis. opn., *post*, at p. 914.) Contrary to the dissent's view, the trial court's power is not so limited in this situation. Under section 186.22, subdivision (g), the court still may "refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served." It strains credulity to believe that the voters enacted section 186.22(d) for this one "plausible" purpose.

because they wanted gang crime to be punished more severely, not more leniently.

This argument is without merit. In *People v. Garcia* (1999) 21 Cal.4th 1, 14 [87 Cal.Rptr.2d 114, 980 P.2d 829], in interpreting a section of the "Three Strikes" initiative, we stated that "For purposes of interpreting these statutes . . . it matters not whether the drafters, voters or legislators consciously considered all the effects and interrelationships of the provisions they wrote and enacted. We must take the language . . . as it was passed into law, and must, . . . without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions." (Fn. omitted.)

While it is *possible* that a prosecutor might file a murder, mayhem or rape charge exclusively under section 186.22(d), this is an unintended consequence that would rarely, if ever, occur. (See, e.g., *In re Executive Life Ins. Co.* (1995) 32 Cal.App.4th 344, 373 [38 Cal.Rptr.2d 453] [while the failure to consider a statute's consequences may be unwise, a "court may not [freely] substitute its personally perceived wisdom" "because the field of unintended consequences approaches the infinite"].) Nothing in Proposition 21 requires that the prosecution make such a choice and, to the contrary, section 37 of Proposition 21 provides that "[i]t is the intent of the people of the State of California in enacting this measure that if any provision in this act conflicts with another section of law which provides for a greater penalty or longer period of imprisonment that *the latter provision shall apply . . . .*" (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 37, p. 131, italics added.) ▋ As stated by the Court of Appeal, "[w]e presume prosecutors will exercise their charging discretion in a manner that is consistent with the will of the electorate and the goal of achieving substantial justice."

## III. CONCLUSION

▋ In *Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 [86 Cal.Rptr.2d 884, 980 P.2d 433], we stated that "[i]n the case of a voters' initiative statute . . . we may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less." Section 186.22(d) enables prosecutors to more severely punish gang-related misdemeanors. This is the very result the voters intended when passing Proposition 21, not more and not less.

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

**KENNARD, J.,** Dissenting.—Subdivision (d) of Penal Code section 186.22[1] provides that any person "convicted of a public offense punishable as a felony or a misdemeanor," which was committed to benefit a criminal street gang, may be sentenced to prison, and must serve at least six months in county jail. Does this provision apply to *all* felonies and *all* misdemeanors, or only to "wobblers," a class of offenses that may be prosecuted as either felonies or misdemeanors? According to the majority, it applies to all felonies and misdemeanors. I disagree.

I

Section 186.22, enacted in 1989 and operative in 1993, is part of the California Street Terrorism Enforcement and Prevention Act of 1988. Some of its complex provisions have in recent years been addressed by this court. (See *People v. Sengpadychith* (2001) 26 Cal.4th 316 [109 Cal.Rptr.2d 851, 27 P.3d 739]; *People v. Robles* (2000) 23 Cal.4th 1106 [99 Cal.Rptr.2d 120, 5 P.3d 176]; *People v. Castenada* (2000) 23 Cal.4th 743 [97 Cal.Rptr.2d 906, 3 P.3d 278]; *People v. Zermeno* (1999) 21 Cal.4th 927 [89 Cal.Rptr.2d 863, 986 P.2d 196]; *People v. Loeun* (1997) 17 Cal.4th 1 [69 Cal.Rptr.2d 776, 947 P.2d 1313]; *People v. Gardeley* (1996) 14 Cal.4th 605 [59 Cal.Rptr.2d 356, 927 P.2d 713].) In general, the act imposes increased penalties when crimes are committed to benefit a criminal street gang.

In 2000, California voters passed Proposition 21, an initiative that made many changes to laws pertaining to minors accused of crimes. Among other things, Proposition 21 amended section 186.22 by adding subdivision (d) (section 186.22(d)), which is at issue here.

Section 186.22(d) provides: "Any person who is *convicted of a public offense punishable as a felony or a misdemeanor*, which is committed for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days. If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail." (Italics added.)

At issue is the meaning of the phrase "convicted of a public offense punishable as a felony or a misdemeanor." (§ 186.22(d).) The majority holds

---

[1] All statutory citations are to the Penal Code.

that it refers to *all* misdemeanors and felonies, rejecting petitioner's contention that it refers only to wobblers. As I shall explain, the majority's reasoning is unpersuasive.

## II

"In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

Here, section 186.22(d)'s phrase "convicted of a public offense punishable as a felony or a misdemeanor" is ambiguous: It can be read either as applying only to wobblers or as referring to all misdemeanors and all felonies. But when section 186.22(d) is read together with subdivision (b)(1) of section 186.22 (section 186.22(b)(1)), it becomes apparent that section 186.22(d) can only apply to wobblers.

Under the majority's interpretation of section 186.22(d), a defendant who is convicted of a felony and is found to have committed the crime to benefit a criminal street gang will be sentenced to a prison term of *one year, two years, or three years*. But (except for a couple of rarely used exceptions) the prison term for even the most minor felonies is *16 months, two years, or three years*, a sentence *greater than* (for the lower term) or equal to (for the middle and upper terms), the sentence specified in section 186.22(d). Most serious felonies, of course, carry even greater sentences. Moreover, Proposition 21 also amended section 186.22(b)(1) to provide, in words identical to those of section 186.22(d), that any person who commits a felony to benefit a criminal street gang must be punished by an added penalty of *two, three, or four* years in prison, a penalty *greater than* the sentence described in section 186.22(d).[2] Thus, if the majority is right that in the phrase "convicted of a public offense punishable as a felony or a misdemeanor," the words "a felony" refer to all felonies, then those two words are meaningless: No

---

[2]As amended by Proposition 21, section 186.22(b)(1) provides in pertinent part: "[A]ny person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony for which he or she has been convicted, be punished by . . . [¶] (A) . . . an additional term of two, three, or four years at the court's discretion . . . ."

prosecutor will allege a violation of section 186.22(d) in any felony case, because it provides for felony sentences *lower* than those prescribed elsewhere in the Penal Code, including those required in another part of the *same law*.

The words "a felony" are not the only ones that are made meaningless by construing section 186.22(d), as the majority does, as applying to all felonies and misdemeanors. That provision pertains to persons "convicted of *a public offense punishable as* a felony or a misdemeanor." (Italics added.) Under the construction given by the majority—that the phrase refers to all felonies and misdemeanors—the drafters of Proposition 21 could have simply omitted the italicized words without affecting the meaning given by the majority.

The majority's interpretation violates a basic tenet of statutory construction that whenever possible, significance must be given to every word in ascertaining legislative intent, avoiding any construction that renders some words surplusage. (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330 [87 Cal.Rptr.2d 423, 981 P.2d 52]; see also *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 249 [127 Cal.Rptr.2d 177, 57 P.3d 654]; *Navellier v. Slettin* (2002) 29 Cal.4th 82, 95 [124 Cal.Rptr.2d 530, 52 P.3d 703].) By contrast, to construe section 186.22(d) as applying only to wobblers, as I would, gives meaning to all the statutory language. That provision's phrase "a public offense punishable as a felony or a misdemeanor" is a simplified version of language used elsewhere in the Penal Code to describe a wobbler. (See § 17, subd. (b) ["a crime . . . punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail . . . ."].)

According to the majority, "[b]y its plain language . . . section 186.22(d) applies to any crime or public offense that is a felony or a misdemeanor." (Maj. opn., *ante*, at p. 901.) The statutory language, read in a commonsense manner, refers to wobblers because, as explained above, that is the only construction that gives meaning to all the statutory language. The majority offers no explanation for its claim that, looking only at the words themselves, section 186.22(d) refers to all felonies and misdemeanors.

The majority maintains that if section 186.22(d) was intended to apply only to wobblers, it would have contained specific language expressly saying so, such as a reference to section 17 (which describes a wobbler), or words that mirrored section 17's description of a wobbler. (Maj. opn., *ante*, at pp. 901-902.) One can just as easily argue that if section 186.22(d) was intended to apply to all felonies and misdemeanors, it would have contained specific language saying so. When, as here, a statute is ambiguous, one can *always*

assert that the drafters could have avoided the ambiguity by adding unambiguous language.

The majority claims its holding "is buttressed when one considers that the term 'wobbler' does not have a meaning defined by statute or commonly understood by the electorate." (Maj. opn., *ante*, at p. 902.) That assertion is puzzling. The word "wobbler" does not appear in section 186.22(d) and its meaning is thus not in issue. True, "wobbler" is not statutorily defined and is not used in common parlance, but so what? Section 186.22(b) contains no reference to wobblers. But it does contain the phrase "a public offense punishable as a felony or a misdemeanor," which is, as noted earlier, language accurately describing a wobbler.

The majority cites the arguments and analyses in the ballot pamphlet presented to the voters to support its conclusion that section 186.22(d) applies to all felonies and misdemeanors, not just wobblers. (Maj. opn., *ante*, at pp. 903-908.) First, the majority notes that the Legislative Analysis of Proposition 21 said that the proposition " '[i]ncreases penalties for gang-related crimes and requires gang members to register with local law enforcement agencies.' " (Maj. opn., *ante*, at p. 906.) There is no dispute that one of the purposes of Proposition 21 was to impose stiffer penalties on gang-related crimes. But that point is irrelevant to the issue whether section 186.22(d) applies to all felonies and misdemeanors or only to wobblers.

Next, the majority points out that the *opponents* of Proposition 21 said that it " 'turns low-level vandalism into a felony' " and " 'requires gang offenders with misdemeanors (like stealing candy) to serve six months in jail.' " (Maj. opn., *ante*, at p. 906, italics omitted.) According to the majority, the vandalism argument is "fairly read" (*ibid.*) as warning that Proposition 21 would turn relatively minor crimes, such as gang-related vandalism causing damage of less than $400, into felonies, and the candy example warned the voters that such a minor crime would trigger the harsh penalty of a six-month sentence for gang-related petty theft. Thus, the majority reasons, the voters were on notice that section 186.22(d) would apply to all misdemeanors and felonies, and that they must therefore have intended this result in passing Proposition 21.

Once again, the majority seizes on arguments that have nothing to do with the issue before us. The opponents' statement that Proposition 21 "turns low-level vandalism into a felony" refers not to section 186.22(d), but to Proposition 21's proposed change in the *vandalism* law. Before Proposition 21, vandalism (§ 594) was a misdemeanor unless the value of the damage exceeded five *thousand* dollars. (Stats. 1999, ch. 83, § 144.) Proposition 21

amended section 594 to permit felony prosecution for vandalism when the damage exceeds four *hundred* dollars. It is this change in the vandalism law that the opponents were addressing when they told the voters that Proposition 21 "turns low-level vandalism into a felony." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) rebuttal to argument in favor of Prop. 21, p. 48.)

With respect to the opponents' candy argument, the majority is wrong when it reads the opponents' argument as implicitly saying that section 186.22(d) applies to all misdemeanors. Even if applicable only to wobblers, the provision would nonetheless apply to a theft of candy if the offender had a prior conviction for shoplifting (§ 666), if the offender was convicted of second degree burglary (§§ 459, 461), or in the unlikely event that the value of the candy exceeded $400 (§§ 487, subd. (a), 489, subd. (b)).

The majority conveniently overlooks the argument by the *proponents* of Proposition 21 that the proposition "doesn't lock up kids for minor offenses." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) rebuttal to argument against Prop. 21, p. 49.) Contrary to that claim, the majority construes section 186.22(d) as mandating a *minimum* sentence of six months in jail and a maximum of three years in prison for *all* gang-related misdemeanors, no matter how insignificant. For example, a defendant convicted of driving with an expired license (Veh. Code, § 12500) will, under the majority's interpretation, have to serve at least six months in jail and could receive up to three years in prison if passengers in the car are members of a criminal street gang and the jury finds that the defendant drove the car for their benefit. The voters, when they enacted Proposition 21, were assured by the proponents that the initiative would not impose such draconian penalties.

Construed as applying only to wobblers, section 186.22(d) has a plausible purpose: To limit the power of trial courts to impose light sentences on defendants who commit gang-related wobblers. When a defendant is convicted of a wobbler charged as a felony with a gang enhancement under *subdivision (b)* of section 186.22, a trial court wishing to show leniency may reduce the wobbler to a misdemeanor and impose a short jail sentence. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 [60 Cal.Rptr.2d 93, 928 P.2d 1171] [when defendant convicted of a wobbler charged as a felony, trial court may avoid the three strikes penalty provision by reducing the crime to a misdemeanor].) Section 186.22(d) limits the trial court's power to exercise leniency in the fashion described above: If the court elects to treat the crime as a misdemeanor, section 186.22(d) requires it to sentence the defendant to a minimum of six months in county jail. In my view, it was to achieve this purpose that the voters amended section 186.22 to add subdivision (d).

CONCLUSION

The majority asserts that the *only* purpose of section 186.22(d) is to "enable[] prosecutors to more severely punish gang-related *misdemeanors*." (Maj. opn., *ante*, at p. 909, italics added.) This cannot be true. If the voters' sole purpose was to punish gang-related *misdemeanants* more severely, why did they enact a law that, by its terms, applies to those convicted of crimes punishable "as a *felony* or a misdemeanor?" (Italics added.) The majority does not, and cannot, answer this question. The only construction of section 186.22(d) that gives meaning to all the statutory language is to read it as applying only to wobblers, as I propose to do. I would therefore reverse the judgment of the Court of Appeal, which held that petitioner could be prosecuted under section 186.22(d) based on his commission of a misdemeanor.

Petitioner's petition for a rehearing was denied August 20, 2003, and the opinion was modified to read as printed above. Baxter, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.