Filed 8/15/14  P. v. Matters CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BOBBY MATTERS,<br><br>    Defendant and Appellant. | B252113<br>(Los Angeles County<br>Super. Ct. No. GA078803)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 24, 2014, be modified as follows:

On page 2, the third paragraph, first full sentence, the words "to life" are inserted after the words "eight months."

There is no change in the judgment.

ROTHSCHILD, P. J.          JOHNSON, J.          MILLER, J.*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 7/24/14  P. v. Matters CA2/1 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BOBBY MATTERS,<br><br>Defendant and Appellant. | B252113<br><br>(Los Angeles County<br>Super. Ct. No. GA078803) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Carter, Judge. Affirmed with directions.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, and Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Count 4 of a third amended information charged appellant Bobby Matters with dissuading a witness by force or threat. (Pen. Code,[1] § 136.1, subd. (c)(1).) Counts 5 and 6 jointly charged Matters and Yun with assault by means likely to produce great bodily injury. (§ 245, subd. (a)(1).[2] As to these counts the operative information alleged that Yun and Matters personally inflicted great bodily injury on the victims. (§ 12022.7, subd. (a).) It also alleged that the offenses were gang related. (§ 186.22, subds. (b)(1)(B), (b)(1)(C), (b)(4).) Matters pleaded not guilty and denied the special allegations.

As relevant here, a jury convicted Matters of witness intimidation, and found the gang allegation true. As to counts 5 and 6, the jury convicted Matters of the lesser offense of misdemeanor assault, and found true the gang allegations.

The trial court sentenced Matters to eight years eight months. Matters appealed and, in an unpublished decision, *People v. Yun* (Apr. 25, 2013, B235694) [nonpub. opn.], we found that, as to count 4, Matters received an unauthorized sentence and remanded for resentencing. (*Id.* at pp. 19–24, 39.)

On remand, the trial court resentenced Matters to the low term of 16 months on count four, plus five years for the gang enhancement. As to counts 5 and 6, the court imposed eight months (one-third the midterm of two years) as to each count. The total term imposed was seven years four months. This appeal followed.

### DISCUSSION[3]

1. *Section 186.22, subdivision (d) applies to misdemeanors.*

Matters contends that section 186.22, subdivision (d) may not be used to enhance the penalty for his underlying misdemeanor offense because the language of the statute

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Yun, who is not a party to this appeal, was charged individually with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) and attempted second degree robbery (§§ 664, 211).

[3] We need not discuss the underlying facts; they are not relevant to any issue on appeal.

requires the underlying offense to be a wobbler which can be prosecuted either as a felony or as a misdemeanor.

As Matters appropriately acknowledges, this argument was rejected by the California Supreme Court in *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, in which the court held that section 186.22, subdivision (d) can be applied as a felony enhancement where the underlying offense is a simple misdemeanor. There is no requirement the underlying offense be a wobbler. (*Id*. at pp. 897–909.) We are bound by the decisions of the California Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we reject Matters's assertion "that the meaning [assigned] to section 186.22, [subdivision] (d) in *Robert L.* is contrary to the section's statutory language and violates basic tenets of statutory construction."

## 2. *The abstract of judgment requires correction*

At sentencing, the trial court ordered that Matters "provide a DNA sample and print impression pursuant to . . . section[s] 296 and 296.1." The amended abstract, however, reflects that he was ordered to submit to testing under section 269 (aggravated sexual assault of a child), which does not apply to this case.

Matters requests that we correct the abstract of judgment to conform to the trial court's order. The Attorney General concurs in this request. We grant Matters's request. "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment reflecting its judgment that Bobby Matters provide a DNA sample and print impression pursuant to Penal Code sections 296 and 296.1. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.