Filed 4/16/15  P. v. Bess CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049721 |
| v. | (Super. Ct. No. 96CF3190) |
| DANIEL EDWARD BESS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order after judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 1997, a jury found defendant Daniel Edward Bess guilty of robbery while armed with a firearm, plus second degree burglary and receiving stolen property. The trial court subsequently determined he had suffered two prior convictions for robbery and imposed two consecutive indeterminate terms of life imprisonment under the "Three Strikes" law for the robbery and the burglary. (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, all further statutory references are to this code.) It stayed punishment on the receiving stolen property charge. This court affirmed his conviction and sentence in an unpublished opinion. (*People v. Bess* (Mar. 30, 1999, G021682).)

In 2014, defendant petitioned to have his indeterminate life term for the burglary conviction recalled and to be resentenced under the Three Strikes Reform Act of 2012. (§§ 667, 1170.12, 1170.126; Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 6, pp. 109-110 (hereafter Reform Act).) The trial court granted the prosecution's motion to dismiss the petition, concluding defendant was not eligible for relief. He appeals from this order. We conclude the trial court's ruling was correct and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of defendant's underlying conviction from our prior opinion. One night, defendant and another person approached a man, pointed a gun at him, and demanded money. The man gave them his wallet and the robbers drove off in a Celica.

Shortly thereafter a police officer on patrol saw defendant and another person engaged in suspicious activity near a pickup truck. The two entered a nearby Celica and, when the officer turned on his emergency lights, they sped away at a high rate of speed. At some point, defendant and his confederate abandoned the Celica. The police found defendant hiding nearby and discovered an automatic handgun in the same

2

area.  An inspection of the pickup truck determined that it had been forced open and was missing two speakers.  The speakers and the robbery victim's wallet were found in the Celica.

## DISCUSSION

*1.  The order dismissing defendant's resentencing petition is appealable.*

When the parties prepared their appellate briefs, the question of whether an order denying a petition for resentencing under section 1170.126 is appealable had not been decided.  The Supreme Court has now held the ruling is appealable as a postjudgment order.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601; § 1237, subd. (b).)  While here the trial court technically "dismissed" defendant's petition, since its decision was based on the conclusion he was not eligible for relief, the effect is the same as a denial of the petition.  We conclude the holding in *Teal* applies here as well.

*2.  Defendant is not entitled to resentencing on his burglary conviction.*

The trial court dismissed defendant's resentencing petition on the two grounds asserted by the prosecution; defendant received an indeterminate life sentence for robbery, a serious and a violent felony, and he was armed in committing that crime.  On appeal, defendant concedes he is not eligible to be resentenced on the robbery charge.  Rather, he claims "the trial court erroneously concluded that the robbery conviction . . . necessarily precluded it from granting [him] relief as to the second degree burglary conviction."  We disagree.

This case requires us to construe section 1170.126.  In interpreting the Reform Act's provisions, it must be kept in mind that when construing voter-approved laws "'we apply the same principles that govern statutory construction.'"  (*Robert L. v.*

3

*Superior Court* (2003) 30 Cal.4th 894, 900; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1053.)

"'"[W]e turn first to the language of the statute, giving the words their ordinary meaning."'" (*Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 901; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 790.) "'We must give the statutory provisions at issue a reasonable and common sense interpretation, consistent with the apparent purpose and intention of the Legislature. If possible, we will give significance to the plain meaning of every word, phrase, and sentence of a statute in pursuance of the legislative purpose, harmonizing the various parts of an enactment by considering each particular clause or section in the context of the statutory framework as a whole.'" (*People v. Brimmer, supra,* 230 Cal.App.4th at p. 791; *Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 903 ["'Statutory language . . . must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts'"].)

Subdivision (e) of section 1170.126 lists three prerequisites that must be shown to find an inmate "eligible for resentencing" under the Reform Act. The first requirement is that the petitioner "*is serving* an indeterminate term of life imprisonment imposed . . . for a conviction of a *felony or felonies* that are *not defined as serious and/or violent felonies*." (§ 1170.126, subd. (e)(1), italics added.) This subparagraph applies to a person who has been convicted of more than one felony and requires that *each* of the offenses for which a "*term of life imprisonment*" has been imposed does not constitute a serious or a violent felony. (Italics added.)

Defendant received two indeterminate life terms. One was for burglarizing the pickup truck. Under the current "Three Strikes" law a conviction for this offense, standing alone, would not justify imposing an indeterminate life term. But defendant's sentence included an indeterminate life term for the robbery. That offense was then and is now both a serious and a violent felony. (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).)

4

The term imposed for the latter crime precludes defendant from satisfying subdivision (e)'s first eligibility requirement.

The same is true for the second requirement. It states an inmate is eligible for resentencing only if his or her "current *sentence* was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2), italics added.) The latter two statutes list factors that preclude a convicted person with two prior serious or violent felony convictions from taking advantage of the Reform Act even where he or she has been convicted of a nonqualifying third felony. One disabling factor is where "the defendant used a firearm" or "was armed with a firearm" "[d]uring the commission of the current offense." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

The meanings of the italicized word are important in interpreting the scope of the Reform Act. In the criminal law context, the word "sentence" usually means the *entire punishment* imposed on a convicted defendant. (Black's Law Dict. (9th ed. 2009) p. 1485, col. 1 [defining "sentence" to mean "[t]he *judgment* that a court *formally pronounces* after finding a criminal defendant guilty; the *punishment* imposed on a criminal wrongdoer"]; § 1237, subd. (a) ["*sentence* . . . shall be *deemed* to be a *final judgment*" for purpose of appeal]; *People v. McDonough* (1961) 198 Cal.App.2d 84, 86 ["the words '*sentence*' and '*judgment*' are *interchangeable*" and "mean the same thing"], italics added.) Applied to this case, defendant's "current *sentence*" includes a term of imprisonment imposed for a robbery the jury expressly found he committed while armed with a firearm. (§ 1170.126, subd. (e)(2), italics added.) Defendant's 1997 conviction cannot satisfy section 1170.126, subdivision (e)'s second eligibility requirement.

This construction of section 1170.126 is consistent with the statute's express intent. Subdivision (a) of the statute declares the "resentencing provisions . . . are

intended to apply exclusively to persons presently serving an indeterminate term of imprisonment . . ., whose *sentence* under this act would not have been an indeterminate life *sentence*." (Italics added; *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 741 [section 1170.126 "create[s] a '"post-conviction release proceeding"' whereby a Three Strikes prisoner who is serving an 'indeterminate life sentence' for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender"].) Because of his robbery conviction, even under the current version of the Three Strikes law, defendant would still have received "an indeterminate life sentence." (§ 1170.126, subd. (a).) Thus, section 1170.126 does not provide for relief in this case.

We conclude the trial court did not err in dismissing defendant's petition to recall the 1997 sentence and consider resentencing him on the burglary.

DISPOSITION

The postjudgment order is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

IKOLA, J.

6