MURRAY, J.,
Concurring.—I concur with the majority opinion and the concurring opinion of Administrative Presiding Justice Raye. I write separately to note the following.
“Marsy’s Law” provides that victims have the right “[t]o reasonable notice of and to reasonably confer with the prosecuting agency, upon request, regarding ... the charges filed.” (Cal. Const., art. I, § 28, subd. (b)(6).) At oral argument, the Attorney General suggested that the prosecutor’s exercise of discretion in determining what charges to file is not a “proceeding.” I agree. Nor is the act of filing charges a “proceeding.” The inclusion of the right to confer with the prosecutor about the charges filed indicates the electorate’s intent to include in Marsy’s Law a criminal justice system decisionmaking process that is not a “proceeding.”
Plaintiffs contend that the process of arriving at a decision to grant clemency which the governor conducts in a private setting within the confines of his or her office is a “proceeding.” I disagree. I further disagree that the electorate somehow believed that decisionmaking process to be a “proceeding” within the meaning of Marsy’s Law. Even if we construe the word “proceeding” according to how “unschooled” voters would construe that word based on plaintiffs’ reading of Robert L. v. Superior Court (2003) 30 Cal.4th 894 [135 Cal.Rptr.2d 30, 69 P.3d 951], I do not believe laypeople view the word “proceeding” to connote a private decisionmaking process in one’s office. Rather, I believe the common, everyday meaning of the word held by laypeople relates to public and quasi-public hearings such as bail hearings, sentencing, and sentence modification hearings in court, and hearings before the parole board—the specific “proceedings” expressly referred to *432 in Marsy’s Law. Further, had the electorate intended to include the process of deciding whether to grant clemency in Marsy’s Law, they could have expressly included that decisionmaking process just as they included the right to confer with the prosecutor about the charges filed.
The words “commutation” and “clemency” are not in Marsy’s Law or the ballot arguments. We cannot write those words into Marsy’s Law for the electorate.
Appellants’ petition for review by the Supreme Court was denied October 14, 2015, S227722.