Filed 1/18/23  P. v. Dean CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES RYAN DEAN,<br><br>    Defendant and Appellant. | F084227<br><br>(Super. Ct. No. F17903952)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County. Gary R. Orozco, Judge.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

Appellant James Ryan Dean's second appeal is pending before us, following a remand in *Dean I* for sentencing issues.[1]  Appellant's counsel asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant was advised of the right to file a supplemental brief, but he did not file a response.

As discussed herein, we modify the judgment to reflect imposition of the middle term of four years rather than six years under Penal Code section 12022.5, subdivision (a), stayed.[2]  (§ 1260.)  We also order correction of errors in the abstract of judgment.  (*People v. Jones* (2012) 54 Cal.4th 1, 89.)  We otherwise find no reasonably arguable factual or legal issues, and we affirm the judgment.

## PROCEDURAL SUMMARY

In July 2017, appellant's fiancée, D.P., was raising her young granddaughter, A.S.  During a domestic dispute between D.P., her former husband, and their adult daughter concerning A.S., appellant shot and killed D.P.'s former husband.

The jury rejected the prosecution's theory that the murder was willful, deliberate and premeditated, but convicted appellant of second degree murder on September 28, 2018.  (§§ 187, subd. (a), 189, subd. (b).)  The jury also found that in committing a felony, appellant personally and intentionally discharged a firearm causing great bodily injury or death and he personally used a firearm.  (§§ 12022.53, subd. (d), 12022.5, subd. (a).)  In a bifurcated proceeding, appellant admitted he suffered a prior serious felony conviction within the meaning of the "Three Strikes" law and served two prior prison terms.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d), 667.5, subd. (b).)

---

[1]  We take judicial notice of our prior opinion and the record in *People v. Dean* (Apr. 14, 2021, F078605) (*Dean I*)).  (Evid. Code, §§ 452, subd. (d), 459.)

[2]  All further statutory references are to the Penal Code unless otherwise stated.

2.

On December 13, 2018, the trial court sentenced appellant to a term of 15 years to life in prison, doubled to 30 years for the prior strike conviction, plus additional consecutive terms of 25 years to life in prison for the firearm enhancement under section 12022.53, subdivision (d); five years for the prior serious felony conviction enhancement under section 667, subdivision (a)(1); and one year for one prior prison term enhancement under section 667.5, subdivision (b).  The trial court stayed the firearm enhancement under section 12022.5, subdivision (a).  (§ 12022.53, subd. (f).)  In addition, the trial court imposed the maximum restitution fine of $10,000 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $10,000 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; a court facilities assessment of $30 under Government Code section 70373; and a probation report fee of $296 under former section 1203.1b.[3]  The court awarded appellant 523 days of actual custody credit.  (§ 2900.5.)

In *Dean I*, appellant claimed the trial court erred in admitting impeachment evidence that he was found with a weapon in jail on two occasions.  Appellant also requested remand under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill 620) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) to allow the trial court to exercise discretion regarding whether to strike the firearm enhancements and the prior serious felony conviction enhancement.[4]  Appellant challenged the imposition of

---

[3]    Section 1203.1b was repealed, effective July 1, 2021.  (Assembly Bill No. 1869 (2019–2020 Reg. Sess.).)

[4]    Effective January 1, 2018, Senate Bill 620 amended sections 12022.5 and 12022.53 to provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.…"  (§§ 12022.5, subd. (c), 12022.53, subd. (h).)  Effective January 1, 2019, Senate Bill 1393 amended sections 667, subdivision (a)(1), and 1385, subdivision (b), to grant trial courts discretion to strike prior serious felony conviction enhancements.

Although the change in the law under Senate Bill 620 was in effect at the time of appellant's sentencing, the record reflected the trial court was unaware of the scope of its

fines, fees and court assessments without an ability-to-pay determination pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and, in supplemental briefing, appellant requested we strike the one-year prior prison term enhancement in accordance with Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).[5]

Respondent argued that there was no error in admitting the impeachment evidence but if error was assumed, it was harmless, and respondent disputed appellant's entitlement to any relief under *Dueñas*. However, respondent conceded that remand was appropriate under Senate Bills 620 and 1393, and that the prior prison term enhancement must be stricken under Senate Bill 136.

We found no error with the admission of the impeachment evidence, we agreed with the parties that remand to allow the trial court to exercise its discretion under Senate Bills 620 and 1393 was appropriate on this record, we struck the prior prison term enhancement under Senate Bill 136, and, on our own motion, we directed the trial court to correct its sentencing error with respect to the failure to first impose and then stay the sentence under section 12022.5, subdivision (a). (§ 12022.53, subd. (f); *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129–1130.) Given the need to remand for a resentencing hearing on those issues, we found appellant's *Dueñas* claim moot and did not reach it.

On remand, the trial court directed the parties to submit briefing on the amendment to section 1385 under Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), effective January 1, 2022, in addition to any briefing on relief under Senate Bills 620 and 1393. On April 14, 2022, the court denied appellant relief from the section 12022.53, subdivision (d), firearm enhancement under either Senate Bill 620 or

---

sentencing discretion in this regard and remand was required. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

[5] Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to limit the convictions upon which a prior prison term enhancement may be based.

*People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), and the court concluded that Senate Bill 81 did not apply because section 12022.53 is not an enhancement. However, pursuant to Senate Bill 1393, the court exercised its discretion to strike the five-year prior serious felony conviction enhancement imposed under section 667, subdivision (a)(1). The court again imposed the maximum restitution fine of $10,000 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $10,000 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; and a court facilities assessment of $30 under Government Code section 70373, but struck the $296 probation report fee imposed under former section 1203.1b. There was no change to the court's prior custody credit award.

Appellant filed a timely notice of appeal.

## DISCUSSION

### I. Senate Bill 81

On remand, the trial court declined to exercise its discretion afforded by Senate Bill 620 to strike or dismiss the 25-year-to-life enhancement imposed under section 12022.53, subdivision (d), and the court declined to exercise its discretion to substitute a lesser enhancement of 10 or 20 years under subdivision (b) or (c) of section 12022.53, in light of *Tirado, supra*, 12 Cal.5th at page 700. With respect to Senate Bill 81, the court concluded that the amendment of section 1385 under Senate Bill 81 did not apply to section 12022.53 because section 12022.53 is an "alternative sentencing scheme" rather than an enhancement. This was error. (*Tirado, supra*, at p. 692, fn. omitted ["[S]ection 12022.53 establishes a tiered system of sentencing enhancements for specified felonies involving firearms."]; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898–899 ["By definition, a sentence enhancement is 'an additional term of imprisonment added to the base term.'"]; *De La Cerda v. Superior Court* (2022) 75 Cal.App.5th 40, 55 ["[A] penalty provision 'prescribes an added penalty to be imposed when the offense is committed under specified circumstances.' [Citation.]

5.

In other words, it is an "'alternate penalty *for the underlying felony itself*, when the jury has determined that the defendant has satisfied the conditions specified in the statute.'"'].)

Given that the court considered and rejected exercising discretion to either strike or dismiss the enhancement altogether under Senate Bill 620 or reduce it to a lesser enhancement of 10 or 20 years under *Tirado*, the court's error in concluding that Senate Bill 81's amendment of section 1385 did not apply to section 12022.53 is necessarily harmless. On this record, there is no reasonable probability a more favorable result would have been reached in the absence of the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Further, while remand is generally required when a trial court lacks awareness of the scope of its sentencing discretion (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391), here, the record clearly reflects that remand would be an idle act. (*People v. Flores* (2020) 9 Cal.5th 371, 432; *People v. Jefferson* (2019) 38 Cal.App.5th 399, 408.)

## II.     Imposition of Sentence Under Section 12022.5

Next, the trial court imposed the middle term under section 12022.5, stayed, but inadvertently pronounced the term as six years. The sentencing triad under section 12022.5, subdivision (a), is "3, 4, or 10 years," which the court recognized during the original sentencing hearing. We shall modify the middle term imposed to reflect four years, stayed. (§ 1260.) The trial court shall amend its records to reflect this modification.

## III.    Abstract of Judgment

Finally, the abstract of judgment contains several errors. A trial court's oral judgment controls and "[w]hen an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, this court has the inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties." (*People v. Jones, supra*, 54 Cal.4th at p. 89.) Accordingly,

6.

the trial court shall order the issuance of an amended abstract of judgment correcting the following errors.

Section 3 of the abstract of judgment incorrectly reflects that the trial court stayed the enhancement under section 667, subdivision (a)(1). The enhancement was stricken under Senate Bill 1393 and should be omitted from the abstract of judgment.

Section 12 of the abstract of judgment reflects imposition of a five-year prior serious felony conviction enhancement under section 667, subdivision (a)(1), and a one-year prior prison term enhancement under section 667.5, subdivision (b), for a total term of 61 years to life. As previously stated, the trial court struck the prior serious felony conviction enhancement on remand, and this court struck the prior prison term enhancement in *Dean I*. Both enhancements should be omitted from the abstract of judgment and the section should reflect a total term of 55 years to life.

Lastly, section 14(d) of the abstract of judgment reflects that appellant was resentenced per recall of commitment under former section 1170, subdivision (d), now section 1172.1, subdivision (a)(1). The abstract of judgment shall be corrected to reflect appellant was resentenced per a decision on appeal, section 14(b).

## DISPOSITION

The judgment is modified to reflect imposition of the middle term of four years under section 12022.5, stayed, and the trial court shall correct its records to reflect this modification.

The trial court is directed to order the issuance of an amended abstract of judgment with the following changes: one, under section 3, omitting the enhancement under section 667, subdivision (a)(1); two, under section 12, omitting reference to the enhancements under section 667, subdivision (a)(1), and section 667.5, subdivision (b), and reflecting a total term of 55 years to life; and, three, under section 14, reflecting that

7.

the sentence was imposed at resentencing following appeal (§ 14(b)) rather than following recall of sentence (§ 14(d)).

The judgment is otherwise affirmed.